## HANNAH COLMAN, *adm'x. vs.* DAVID C. CHURCHILL, *Plaintiff in review.*

Where judgment was rendered in an action of trover in favor of the plaintiff, who died immediately after judgment, it was held that, notwithstanding the plaintiff's death, the action was subject to a review by the defendant, who was at liberty to sue out a writ of review against the plaintiff's administratrix within a year after the plaintiff's death.

THIS was a review, brought by *Churchill*, of an action of trover, commenced by *William Colman, Hannah C.'s* intestate, in which judgment was rendered here at April term, 1820, against *Churchill*. The writ of review was sued out and prosecuted at October term here, 1820.

E. *Webster* and *Noyes*, for the administratrix, moved the court to quash the writ of review; 1st, because final judgment having been rendered in the life time of *W. Colman*, the original plaintiff, no writ of review against an administrator, is in such case given by statute. 2dly, because if a writ of review lies against the administratrix at a proper time,

*Colman*
*vs.*
*Churchill.*

this is brought within one year after the death of *W. Colman*, which appears on the face of the writ, he having in April recovered the judgment which is attempted to be reviewed at the next October term.

(1) 1 N. H.
Laws 108.

RICHARDSON, C. J.   The statute of June 21, 1797, sec. 2,(1) declares " that actions on the case for trover and conversion, " &c. shall not abate by reason of the death of either party, " but shall so far be considered as surviving that they may " be prosecuted to final judgment and execution, and review- " ed," &c.   It is therefore clear that the first objection to this review cannot prevail.

(2) 1 N. H.
Laws 162.

The statute of June 29, 1818, sec. 3,(2) enacts that no review shall be brought after the expiration of one year from the time of rendering the judgment to be reviewed.   And the statute of February 11, 1791, entitled " an act for the equal

(3) 2 N. H.
Laws 221.

distribution of insolvent estates," sec. 4,(3) declares " that no " action shall in any case be commenced against any ex- " ecutor or administrator until the end of one year after such " executor or administrator shall have proved the will or " taken out letters of administration."   If when a party dies after the rendition of judgment, the suing out of a writ of review against his executor or administrator, must be consid- ered as the commencement of an action within the intent of the clause in the statute of 1791, above recited; it is clear that in such a case no review can be maintained.   If the writ of review be brought within a year after proving the will, &c. it is barred by that clause in the statute; if not brought within a year after the rendition of judgment, it is barred by the statute of 1818.   But we are of opinion that a writ of review is not the commencement of an action, within the meaning of the act for the equal distribution of insolvent estates.   That act wisely provides, that no action shall be commenced within a year against executors and administra- tors, that they may have an opportunity to ascertain the situation and circumstances of the estate, and whether the some be solvent or not.   But as the merits of a case in which judgment has been rendered, can be in no other way re-ex- amined than by a writ of review, there seems to be no reason

why, when a prevailing party dies after judgment, a writ of review should not be immediately brought against his executor or administrator. For, whether the estate is solvent or insolvent, the review must be tried. An executor or administrator, against whom a review is brought, is of course entitled to sufficient time to examine the case, and make preparation for the trial; and if the party bringing the review, should prevail, before the executor or administrator could ascertain the circumstances of the estate, this would be a sufficient ground to warrant the court to stay execution a reasonable time, and in case the estate turns out to be insolvent, no execution can ever issue, but the judgment will be a liquidated claim, entitled to a dividend.

*Motion overruled.*